UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-154-B-W |
| | ) | |
| MICHAEL WYMAN | ) | |

## ORDER ON MOTION TO DISMISS

Charged with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, Michael Wyman raises by motion to dismiss the Indictment arguments about infringement on his Second Amendment rights, the absence of a domestic partner element in the state of Maine assault statute, and the lack of scienter necessary for a predicate conviction. The Court has previously considered and rejected each of these arguments in other cases and does so again.

### I.      STATEMENT OF FACTS

On August 13, 2008, a federal grand jury indicted Michael Wyman for possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, an alleged violation of 18 U.S.C. § 922(g)(9).[1] *Indictment* (Docket # 1). On January 16, 2009, Mr. Wyman moved to dismiss the Indictment; the Government has filed its opposition. *Mot. to Dismiss Indictment* (Docket # 14) (*Def.'s Mot.*); *Gov't's Resp. to Mot. to Dismiss Indictment* (Docket # 16) (*Gov't's Resp.*). In the motion, Mr. Wyman raises a number of issues the Court has previously addressed in other cases and some new ones.

---

[1] The Indictment also contains a forfeiture claim, not relevant here.

## II.    DISCUSSION

### A.    Motion to Dismiss the Indictment

"A court should exercise its authority to dismiss cautiously, since to dismiss an indictment 'directly encroaches upon the fundamental role of the grand jury.'" *United States v. Thomas*, 519 F. Supp. 2d 141, 143-44 (D. Me. 2007) (quoting *Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1360 (1st Cir. 1995)); *see also United States v. Knox*, 396 U.S. 77, 83 n.7 (1969); *United States v. Nai Fook Li*, 206 F.3d 56, 62 (1st Cir. 2000); *United States v. Russell*, 919 F.2d 795, 797-98 (1st Cir. 1990); *United States v. Alfonso*, 143 F.3d 772, 776-77 (2nd Cir. 1998) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."); *United States v. Parker*, 165 F. Supp. 2d 431, 458 (W.D.N.Y. 2001).

### B.    The Second Amendment, *Heller*, and 18 U.S.C. § 922(g)(9)

Mr. Wyman contends that his right to bear arms under the Second Amendment as recently explained by the United States Supreme Court in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), trumps the criminal prohibition against his possession of firearms. The Court addressed and rejected this exact argument in *United States v. Booker*, 570 F. Supp. 2d 161 (D. Me. 2008). Since then, Judge Hornby of this District has concurred. *United States v. Knight*, 574 F. Supp. 2d 224 (D. Me. 2008). Other district courts have also agreed. *United States v. Marzzarella*, No. 07-24 Erie, 2009 U.S. Dist. LEXIS 2836, at *6 (W.D. Pa. Jan. 14, 2009) (collecting cases); *United States v. Luedtke*, No. 08-CR-189, 2008 U.S. Dist. LEXIS 96597 (E.D. Wis. Nov. 18, 2008); *United States v. Erwin*, No. 07-CR-556 (LEK), 2008 U.S. Dist. LEXIS 78148, at *2-7 (N.D.N.Y. Oct. 6, 2008); *United States v. Yancey*, No. 08-cr-103-bbc, 2008 U.S.

Dist. LEXIS 77878 (W.D. Wis. Oct. 3. 2008); *United States v. Li*, No. 08-CR-212, 2008 U.S. Dist. LEXIS 100867, at *3-14 (E.D. Wis. Sept. 22, 2008).  The Court reaffirms its *Booker* ruling.

      **C.**      **Failure to State a Federal Offense:  Generic Assault Statute**

Mr. Wyman's second argument is now before the United States Supreme Court in *United States v. Hayes*, No. 07-608 (U.S. argued Nov. 10, 2008).  He contends that because the state of Maine assault statute under which he was convicted lacks a spousal or domestic partner requirement as an element, a conviction under the generic assault statute in Maine does not qualify as a prior "misdemeanor crime of domestic violence" for § 922(g)(9).  18 U.S.C. §§ 921(a)(33)(A), 922(g)(9).  At least until *Hayes* is decided, the First Circuit case of *United States v. Meade* controls this issue.  175 F.3d 215 (1st Cir. 1999).  In *Meade*, the First Circuit ruled that "only the mode of aggression, not the relationship status between perpetrator and victim, must appear within the formal definition of an antecedent misdemeanor to constitute it as a predicate offense."  *Id.* at 218-19.  Until the Supreme Court or the First Circuit says otherwise, *Meade* remains good and binding law within this Circuit.  *United States v. Booker*, 555 F. Supp. 2d 218, 220 (D. Me. 2008).

      **D.**      **Failure to Allege Intentional Conduct**

The Court has already addressed Mr. Wyman's third issue:  whether the reckless conduct scienter requirement for a conviction under Maine's assault statute meets the *mens rea* element in the statutory phrase "use or attempted use of physical force."  In *Booker*, the Court rejected the same arguments Mr. Wyman is raising and it does so here for precisely the same reasons.  555 F. Supp. 2d at 220- 27.

**III.**    **CONCLUSION**

The Court DENIES the Defendant's Motion to Dismiss Indictment (Docket # 14).

3

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2009