UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-154-B-W |
| | ) | |
| MICHAEL WYMAN | ) | |

**ORDER ON DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

Concluding that there is a "substantial question of law" under 18 U.S.C. § 3143(b)(1)(B) as to whether a misdemeanor assault conviction under Maine law meets the requisite level of *mens rea* for a predicate felony under 18 U.S.C. § 922(g)(9), the Court grants the Defendant's motion for bail pending appeal.

**I.   STATEMENT OF FACTS**

On August 13, 2008, a federal grand jury issued a one count indictment against Michael Wyman for possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, a violation of 18 U.S.C. § 922(g)(9).[1]  *Indictment* (Docket # 1).  On September 18, 2009, Mr. Wyman entered a conditional plea and the Court imposed a sentence of 12 months and one day. *Judgment* (Docket # 44).  The Court ordered the Defendant to self-report and begin serving his sentence on or before November 6, 2009.  *Id*.

On September 21, 2009, Mr. Wyman filed a notice of appeal on the judgment.[2]  (Docket # 45).  Mr. Wyman's appeal will raise two issues:

---

[1] Mr. Wyman had previously been convicted of an assault on his former live-in-girlfriend in violation of 17-A M.R.S. § 207(1)(A).

[2] Mr. Wyman is also appealing the Court's order denying Mr. Wyman's motion to dismiss.  (Docket # 23).  Mr. Wyman contends that whether following *District of Columbia v. Heller*, 554 U.S. __, 128 S. Ct. 2783 (2008), the law prohibiting gun possession by a person previously convicted of domestic assault violates the Second Amendment creates a similar "substantial question of law."  *Def.'s Mot.* at 11-16.  The Court disagrees for the reasons set forth in *United States v. Booker*, 570 F. Supp. 2d 161 (2008).

1) Whether 18 U.S.C. §§ 921(a)(33)(A)(ii) and 922(g)(9) apply to prior misdemeanor crimes of assault involving domestic partners where the prior conviction has been committed in an unintentional manner, that is, through reckless conduct; and,
2) Whether, if § 922(g)(9) applies to misdemeanor crimes that have been committed through reckless conduct, the statute is unconstitutional as so applied.

*Def.'s Mot. for Bail Pending Appeal and Mem*. at 5. (Docket # 50) (*Def.'s Mot.*). Mr. Wyman asserts that these questions are "substantial questions of law or fact that are likely to result in reversal of a [his] conviction" and his "appeal is not for the purpose of delay." *See* 18 U.S.C. § 3143(b)(1)(B); *Def.'s Mot.* at 4. He also asserts that "he does not present a danger to the community." 18 U.S.C. § 3143(b)(1)(A); *Def.'s Mot*. at 4. The Government objects. *Gov't's Resp. to Mot. for Bail Pending Appeal with Incorporated Mem*. (Docket # 52) (*Gov't's Resp.*).

## II.  DISCUSSION

### A.  The Legal Standard

18 U.S.C. § 3143 governs the release of a defendant pending appeal and provides, in part

> The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds –
> …
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>   (i) reversal. . . .

18 U.S.C. § 3143(b)(1)(B)(i).[3] The First Circuit adopted the Eleventh Circuit's view that "a substantial question of law or fact" means that the question is "a 'close' question or one that very

---

[3] 18 U.S.C. § 3143(b)(1)(A) also requires that the Defendant prove by clear and convincing evidence that he is not likely to flee or pose a danger to the safety or any other person or community if released. The Government contends that the Defendant has not met his burden. *Gov't's Resp*. at 1-3. It is true that the Defendant has a history of alcohol abuse and his conduct in this case gives the Court pause as to whether he poses a danger, when intoxicated, to the community. The Court has imposed numerous conditions of release to ensure that Mr. Wyman will appear when

well could be decided the other way." *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). In *Bayko*, the First Circuit pointed out the literal language of § 3143(b)(1)(B)(i) would present a classic "Catch-22", as the district court would be required to conclude its own ruling is likely to be reversed, and if the court had concluded it was likely making the wrong decision, it would have made the right one. 774 F.2d at 523. The *Bayko* Court concluded the statutory language "likely to result in a reversal or order for new trial" is "a requirement that the claimed error not be harmless or unprejudicial." *Id.* at 523. The same standard applies to claimed errors that would result in no imprisonment at all or a reduced term of imprisonment less than the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B)(iii), (iv).

**B.     Substantial Question of Law**

To violate 18 U.S.C. § 922(g)(9), a defendant must have a prior conviction of a misdemeanor crime of domestic violence. The predicate offence, "misdemeanor crime of domestic violence," is defined as an offense that "has, as an element, the use or attempted use of physical force" against a domestic partner. 18 U.S.C. § 921(a)(33)(A)(ii). Mr. Wyman's prior conviction is based on Maine's assault statute which provides that a person is guilty of assault if "[t]he person intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person." 17-A M.R.S. § 207(1)(A).

Mr. Wyman asserts that under Maine law that a simple assault committed through reckless conduct does not require the same level of intent as the "use of force" in the federal statute. *Def.'s Mot*. at 5-6. Turning to *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard*

---

necessary and not pose a danger to any other person or the community, including residing with his parents, electronic monitoring, and alcohol testing and counseling. Mr. Wyman has not violated any of these bail conditions for ten months, and the Court finds that the combination of these conditions and his conduct on release has satisfied 18 U.S.C. § 3143(b)(1)(A) by clear and convincing evidence.

*v. United States*, 544 U.S. 13, 19 (2005), Mr. Wyman observes that there is no information in the record within the restrictive set of documents a court may review under *Taylor* and *Shepard*, to clarify which level of intent – between intentionally and recklessly - Mr. Wyman engaged in when he committed the assault.  Therefore, relying upon *Leocal v. Ashcroft*, 543 U.S. 1 (2004), he argues that "a simple assault committed through reckless conduct does not qualify as involving the 'use of force' necessary to support prosecution pursuant to 18 U.S.C. § 922(g)(9)." *Id*. at 10.

### III.   CONCLUSION

The Court disagrees with Mr. Wyman's contention that a prior undifferentiated conviction under the Maine assault statute cannot constitute a predicate conviction for purposes of 18 U.S.C. § 922(g)(9).  *Booker*, 555 F. Supp. 2d at 226-27.  Mr. Wyman's argument relies on the theoretical intersection of two independently-developed, abstract principles of law, and to rule in his favor would, in the Court's view, represent the triumph of pure legal theory over the practical application of clear congressional intent with real life and potentially tragic consequences for the victims of domestic abuse.  Nevertheless, the Court concurs with Mr. Wyman that whether the reckless conduct required for a conviction under Maine's assault statute meets the *mens rea* element in the statutory phrase "use or attempted use of physical force" presents a substantial question of law, and under § 3143(b), it is appropriate to release him pending appeal.[4]  The Court GRANTS Defendant's Motion for Bail Pending Appeal (Docket #

---

[4] The Court was presented with this same question in *Booker*, and denied defendant's motion to dismiss the indictment after determining that the defendant's argument ran counter to congressional intent.  *Id*. at 225-227.  In reaching its decision, the Court evaluated First Circuit precedent which includes *United States v. Nason*, 296 F.3d 10 (1st Cir. 2001).  The Court noted in *Booker* that although "*Nason* does not focus on whether a 'reckless' *mens rea* meets the 'use or attempted use of physical force' requirement, [] it does approve of counting a conviction under [17-A M.R.S. § 207(1)(A)] as a crime of domestic violence under § 922(g)."  *Booker*, 555 F. Supp. 2d at 224.  The United States Supreme Court has been asked to resolve a circuit split between the First, Eight and Eleventh Circuits, and the Seventh, Ninth, and Tenth Circuits on "whether a prior state conviction for simple battery is in all cases a 'violent felony.'" *United States v. Johnson*, 528 F.3d 1318 (11th Cir. 2008), *cert. granted*, 77 U.S.L.W. 3467 (U.S.

50). The Court stays the imposition of its sentence pending appeal and orders Defendant Wyman to remain on bail under the same terms and conditions previously imposed.

 SO ORDERED.

            <u>/s/ John A. Woodcock, Jr.</u>
            JOHN A. WOODCOCK, JR.
            CHIEF UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2009

---

Feb. 23, 2009) (No. 08-6925). Though not precisely the same question presented here or in *Booker*, the Supreme Court's decision in *Johnson* could inform the First Circuit's position in *Nason*.